NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CYBERFONE SYSTEMS, LLC,**
**(formerly known as LVL Patent Group, LLC),**
*Plaintiff-Appellant,*

v.

**CNN INTERACTIVE GROUP, INC., CBS**
**INTERACTIVE, INC., FOX NEWS NETWORK, LLC,**
**FOX SOCCER CHANNEL, LLC, FOX SPORTS**
**INTERACTIVE MEDIA, LLC, TWENTIETH**
**CENTURY FOX FILM CORPORATION, IGN**
**ENTERTAINMENT, INC., WARNER BROS**
**ENTERTAINMENT, INC., UNIVISION**
**INTERACTIVE MEDIA, INC., HOME BOX OFFICE,**
**INC., DOW JONES & CO., INC., DOW JONES**
**LOCAL MEDIA GROUP, INC., HULU, LLC,** AND
**FLIXSTER, INC.,**
*Defendants-Appellees,*

AND

**NBA PROPERTIES, INC., NBA MEDIA VENTURES,**
**LLC, NFL ENTERPRISES, LLC, NETFLIX, INC.,**
**YAHOO! INC., SKYPE, INC., TWITTER, INC., YELP!**
**INC.,** AND **LINKEDIN CORPORATION,**
*Defendants-Appellees,*

AND

**GROUPON, INC.,**

*Defendant-Appellee,*

AND

**UNITED AIRLINES, INC., INTERCONTINENTAL HOTELS CORPORATION,** AND **SIX CONTINENTS HOTELS, INC.,**
*Defendants-Appellees,*

AND

**SOUTHWEST AIRLINES CO.,**
*Defendant-Appellee,*

AND

**AVIS BUDGET GROUP, INC., HERTZ CORPORATION, ORBITZ WORLDWIDE, LLC,** AND **PURE BIZ SOLUTIONS, LLC,**
*Defendants-Appellees,*

AND

**MARRIOTT INTERNATIONAL, INC.,**
*Defendant-Appellee,*

AND

**HILTON WORLDWIDE, INC., HILTON HOTELS CORPORATION,** AND **HILTON GARDEN INNS MANAGEMENT, LLC,**
*Defendants-Appellees,*

AND

**AMERICAN AIRLINES, INC., IMDB.COM, INC., PLAYFIELD APPS COMPANY, AMAZON.COM,**

**INC.,** AND **AMAZON SERVICES, LLC,**
*Defendants.*

_____

2012-1673, -1674

_____

Appeals from the United States District Court for the District of Delaware in Nos. 11-CV-0829 and 11-CV-0831, Judge Sue L. Robinson.

_____

Decided: February 26, 2014

_____

MARC A. FENSTER, Russ August & Kabat, of Los Angeles, California, argued for plaintiff-appellant. With him on the brief were PAUL A. KROEGER and FREDRICKA UNG.

STEVEN LIEBERMAN, Rothwell, Figg, Ernst & Manbeck, PC, of Washington, DC argued for all defendants-appellees. With him on the brief were SHARON DAVIS, BRIAN ROSENBLOOM, and R. ELIZABETH BRENNER-LEIFER, for CBS Interactive Inc., et al.; SUSAN M. COLETTI, Fish & Richardson P.C., of Wilmington, Delaware, for Avis Budget Group, Inc., et al.; STEPHEN E. BASKIN, Kilpatrick Townsend & Stockton LLP, of Washington, DC, for United Airlines, Inc.; J. CHRISTOPHER CARRAWAY and KRISTIN L. CLEVELAND, Klarquist Sparkman, LLP, of Portland, Oregon, for LinkedIn Corp., et al.; JACK B. BLUMENFELD and KAREN JACOBS LOUDEN, Morris, Nichols, Arsht & Tunnel, LLP, of Wilmington, Delaware for Hilton Garden Inns Management, LLC, et al.; JOHN CUDDIHY and BRIAN M. KOIDE, Crowell & Moring LLP, of Washington, DC, for Marriott International, Inc.; KIRIN K. GILL, JAMES C. YOON and RYAN R. SMITH, Wilson Sonsini Goodrich & Rosati P.C., of Palo Alto, California, for Groupon Inc.; GEORGE L. MURPHY, JR., Kilpatrick Town-

send & Stockton LLP, of Atlanta, Georgia, for Intercontinental Hotels Corporation, et al.; THOMAS L. HALKOWSKI, Fish & Richardson P.C., of Wilmington, Delaware, for Pure Biz Solutions, LLC; and MAX CICCARELLI, J. MICHAEL HEINLEN and JUSTIN S. COHEN, Thompson & Knight, LLP, of Dallas, Texas, for Southwest Airlines Co. Of counsel were NEIL J, MCNABNAY and THOMAS H. REGER II, Fish & Richardson P.C., of Dallas, Texas, for Avis Budget Group, Inc., et al.; KLAUS H. HAMM, Klarquist Sparkman, LLP, of Portland, Oregon, for LinkedIn Corp., et al; AUDRA A. DIAL and VAIBHAV P. KADABA, Kilpatrick Townsend & Stockton LLP, of Atlanta, Georgia, for Intercontinental Hotels Corporation, et al; and CHRISTOPHER D. MAYS, Wilson Sonsini Goodrich & Rosati, P.C., of Palo Alto, California, for Groupon, Inc.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

DYK, *Circuit Judge.*

Cyberfone Systems, LLC ("Cyberfone") is the assignee of U.S. Patent No. 8,019,060 ("the '060 patent"). The district court held that the patent claims ineligible matter and is invalid under 35 U.S.C. § 101 (2012). We affirm.

## BACKGROUND

The '060 patent relates to methods and a system for capturing and storing data. In September 2011, Cyberfone sued eighty-one defendants, alleging, inter alia, infringement of the '060 patent. In May 2012, multiple defendants moved for summary judgment on the ground that the '060 patent claimed unpatentable subject matter under § 101. Claim 1 is representative of the asserted claims:

1. A method, comprising:

obtaining data transaction information entered on a telephone from a single transmission from said telephone;

forming a plurality of different exploded data transactions for the single transmission, said plurality of different exploded data transaction[s] indicative of a single data transaction, each of said exploded data transactions having different data that is intended for a different destination that is included as part of the exploded data transactions, and each of said exploded data transactions formed based on said data transaction information from said single transmission, so that different data from the single data transmission is separated and sent to different destinations; and

sending said different exploded data transactions over a channel to said different destinations, all based on said data transaction information entered in said single transmission.

'060 patent col. 24 ll. 40–57. These steps require obtaining data, "exploding" the data, *i.e.*, separating it into component parts, and sending those parts to different destinations. The court found that the subject matter of the '060 patent was "nothing more than a disembodied concept of data sorting and storage" and granted summary judgment of invalidity under § 101. *CyberFone Sys., LLC v. Cellco P'ship*, 885 F. Supp. 2d 710, 719 (D. Del. 2012). Cyberfone appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). We review the grant of a summary judgment de novo. *United States v. Great Am. Ins. Co. of N.Y.*, 738 F.3d 1320, 1329 (Fed. Cir. 2013). Section 101 patent eligibility is a question of law that we review de novo. *Bancorp Servs. v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012).

DISCUSSION

An inventor may obtain a patent for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has established that section 101 impliedly bars patents on "'laws of nature, natural phenomena, and abstract ideas.'" *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1293 (2012) (alteration in original removed) (quoting *Diamond v. Diehr*, 450 U.S. 175, 185 (1981)). The Court has explained that "'[a] principle, in the abstract, is a fundamental truth; an original cause; a motive; these cannot be patented, as no one can claim in either of them an exclusive right.'" *Bilski v. Kappos*, 130 S. Ct. 3218, 3230 (2010) (alteration in original) (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972) (internal quotation marks omitted)); *see also Mayo*, 132 S. Ct. at 1301 ("'the basic tools of scientific and technological work'" are not patentable (quoting *Benson*, 409 U.S. at 67)).

Patents that merely claim well-established, fundamental concepts fall within the category of abstract ideas. *See Bilski*, 130 S. Ct. at 3231 ("'Hedging is a fundamental economic practice long prevalent in our system of commerce and taught in any introductory finance class.'" (quoting *In re Bilski*, 545 F.3d 943, 1013 (Fed. Cir. 2008) (Rader, J., dissenting), *aff'd sub nom. Bilski*, 130 S. Ct. 3218 (2010))). Applying that rule, the Supreme Court has rejected an attempt to patent the basic concept of hedging risk. *Id.* Our court as well has held that other basic concepts are not patent-eligible. *See, e.g.*, *Fort Props., Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1318, 1322–23 (Fed. Cir. 2012) (enabling tax-free property exchanges); *Bancorp*, 687 F.3d at 1277 (administering and tracking life insurance policy values); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1330–34 (Fed. Cir. 2012) (applying for credit); *CyberSource Corp. v. Retail Decisions, Inc.*, 654

F.3d 1366, 1367–68, 1376–77 (Fed. Cir. 2011) (verifying credit card transactions); *In re Comiskey*, 554 F.3d 967, 970–71, 981 (Fed. Cir. 2009) (conducting arbitration); *In re Schrader*, 22 F.3d 290, 291, 293–94 (Fed. Cir. 1994) (bidding at an auction).

Claim 1 recites steps of (1) "obtaining data transaction information entered on a telephone from a single transmission from said telephone;" (2) "forming a plurality of different exploded data transactions . . . formed based on said data transaction information from said single transmission, so that different data from the single data transmission is separated and sent to different destinations;" and (3) "sending said different exploded data transactions . . . to said different destinations, all based on said data transaction information entered in said single transmission." '060 patent col. 24 ll. 41–57.[1] We agree with the district court that the '060 patent involves an abstract idea, as in *Bilski*. Like protecting against risk, using categories to organize, store, and transmit information is well-established. Here, the well-known concept of categorical data storage, *i.e.*, the idea of collecting information in classified form, then separating and transmitting that information according to its classification, is an abstract idea that is not patent-eligible.

---

[1] Cyberfone argues that claim construction must precede the § 101 analysis, but does not explain which terms require construction or how the analysis would change. It merely points to claim language that we consider here. There is no requirement that the district court engage in claim construction before deciding § 101 eligibility. *See Bancorp*, 687 F.3d at 1273 ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101.").

Nonetheless, Cyberfone argues that the subject matter of the '060 patent cannot be an abstract idea because a human, unaided by devices, could not perform the steps recited in claim 1. Although methods that can be performed in the human mind alone are not eligible for patent protection, *Cybersource*, 654 F. 3d at 1373, the category of patent-ineligible abstract ideas is not limited to methods that can be performed in the human mind. *See Bilski*, 130 S. Ct. at 3230 ("[T]he prohibition against patenting abstract ideas 'cannot be circumvented by attempting to limit the use of the formula to a particular technological environment' . . . ."(quoting *Diamond v. Diehr*, 450 U.S. 175, 191–92 (1981))).

Finding the abstract idea itself to be ineligible subject matter is not the end of the inquiry. *See Mayo*, 132 S. Ct. at 1297 ("[D]o the patent claims add *enough* . . . to allow the processes they describe to qualify as patent-eligible processes that *apply* natural laws?"). The second step in the § 101 analysis requires determining whether "'additional substantive limitations . . . narrow, confine, or otherwise tie down the claim so that, in practical terms, it does not cover the full abstract idea itself.'" *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013) (quoting *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1282 (Fed. Cir. 2013) (citing *Mayo*, 132 S. Ct. at 1300; *Bilski*, 130 S. Ct. at 3231; *Diehr*, 450 U.S. at 187)).

Cyberfone argues that claim 1[2] is sufficiently limited by the machinery it requires and transformations it

---

[2]    In the district court, Cyberfone did not preserve arguments concerning claim 18 (except to the extent that the same arguments apply to claim 1). In its summary judgment brief, Cyberfone described claim 1 as "the exemplary claim in the complaints," and only mentioned

effects, which *Bilski* recognizes is a "useful and important clue" to patentability. 130 S. Ct. at 3227. We have held that a process is patent-eligible if it is "tied to a particular machine or apparatus" or "transforms a particular article into a different state or thing." *SiRF Tech. v. Int'l Trade Comm'n*, 601 F. 3d 1319, 1332 (Fed. Cir. 2010) (internal quotations omitted). For "a machine to impose a meaningful limit . . . it must play a significant part in permitting the claimed method to be performed." *Id.* at 1333. By contrast, "simply implementing an abstract concept on a computer, without meaningful limitations to that concept, does not transform a patent-ineligible claim into a patent-eligible one." *Accenture*, 728 F.3d at 1345.

Cyberfone asserts that the method of claim 1 requires a "telephone," and that it is a specific machine that plays an integral role in the method. But the specification explains that "[w]hen in telephone mode, the telephone operates in a conventional manner." '060 patent col. 2 ll. 63–65. The telephone can only obtain data "in the transaction entry mode, [when] menus are used to navigate the user to forms which facilitate the entry of data." '060 patent col. 1 ll. 34–35. Thus, the telephone does not obtain data when it is functioning as a telephone, only when in an unclaimed mode of operation. Moreover, the recited telephone can be a range of different machines: "a conventional telephone," '060 patent col. 2, l. 61; "a portable telephone," '060 patent col. 2 l. 57; "a battery operated portable device which is a cross between a laptop computer and a cellular telephone," '060 patent col. 13 ll. 24–25. The "telephone" recited in claim 1 is not a specific machine, and adds nothing of significance to the claimed

claim 18 in a footnote. J.A. 238. In the footnote, Cyberfone made no substantive arguments that would differentiate claim 18 from claim 1.

abstract idea. Cyberfone also asserts that the reference in claim 1 to sending exploded data transactions over a channel "requires an additional specific machine." Appellant's Br. at 30. However, Cyberfone provides no guidance as to what particular machine is required to perform the function of the recited channel.

Cyberfone next argues that the claims are sufficiently limited by the transformation that results from "exploding" data transactions, *i.e.*, sending information, in whole or in part, gathered from one source to different destinations. We have held that "the mere collection and organization of data . . . is insufficient to meet the transformation prong of the test." *Cybersource*, 654 F. 3d at 1370. Here, the exploding step effects no meaningful transformation because it merely makes the originally-gathered information accessible to different destinations without changing the content or its classification. Nor does the particular configuration of steps—obtaining, separating, and then sending information—confer patentability. As in *Mayo*, the "ordered combination adds nothing" because it follows from the underlying idea of categorical information storage. 132 S. Ct. at 1298.

We agree with the district court that the '060 patent claims ineligible subject matter—an abstract idea—and that the patent is invalid under § 101.

**AFFIRMED**